IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANDARD PROCESS, INC.,

    Plaintiff,

v.

Case No. 18-cv-849-wmc

AVC INFINITE, LLC, A VITAMIN A DAY LLC,
ANDREW CHEKAYEV and IRINA
PEYSAKHOVICH,

    Defendants.

---

## DEFAULT JUDGMENT

---

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of Plaintiff Standard Process, Inc. against Defendants AVC Infinite, LLC, A Vitamin A Day LLC, Andrew Chekayev, and Irina Peysakhovich as follows:

1. Defendants and any of their employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by defendants (the "Enjoined Parties") are:

    a. ENJOINED until January 9, 2025, from:

        i. advertising or selling all Standard Process Products or products bearing the Standard Process Trademarks through any Amazon storefront, including, but not limited to, the Amazon storefronts currently named "Valar V" and "Vitaminpro";

ii. advertising or selling, via the Internet, all Standard Process products or products bearing the Standard Process Trademarks;

iii. using any of the Standard Process Trademarks in any manner, including advertising on the Internet;

iv. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Standard Process Products, as well as any products bearing any of the Standard Process Trademarks;

v. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Standard Process Trademarks, including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

b. PERMANENTLY ENJOINED from:

i. purchasing for resale any Standard Process products or products bearing the Standard Process Trademarks from an Authorized Reseller or any other entity the Enjoined Parties have reason to believe is contractually prevented from selling to a reseller; and

ii. selling any Standard Process products or products bearing the Standard Process Trademarks unless still in its original packaging at least six

months from its designated expiration date, and otherwise in reasonable compliance with Standard Process's quality controls.

2. In addition, Defendants shall:

   a. take all action to remove from the Enjoined Parties' websites or storefronts any reference to any of Standard Process Products, or any of the Standard Process Trademarks;

   b. take all action, including but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove from the Internet any of the Standard Process Trademarks, which associate Standard Process Products or the Standard Process Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts; and

   c. take all action to remove unauthorized Standard Process Trademarks from the Internet, including from Amazon.

Approved as to form this 24th day of February, 2020.

_____
William M. Conley
District Judge

_____    2/24/20
Peter Oppeneer                      Date
Clerk of Court