# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN
# MADISON DIVISION

| | |
|---|---|
| STANDARD PROCESS INC., | : |
| | : Case No: 3:18-cv-00849-wmc |
| Plaintiff, | : |
| | : |
| v. | : Judge William M. Conley |
| | : |
| AVC INFINITE, LLC, A VITAMIN A DAY LLC, ANDREW CHEKAYEV, IRINA PEYSAKHOVICH, and JOHN DOES 1-100, individually or as corporate/business entities, | : Magistrate Judge Stephen L. Crocker |
| | : |
| Defendants. | : |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTEMPT

Plaintiff Standard Process Inc. ("Standard Process" or "Plaintiff") submits this Brief in Support of Plaintiff's Motion for Contempt. Standard Process requests that this Court enter an order pursuant to 18 U.S.C. § 401, imposing sanctions against defendant Irina Peysakhovich ("Peysakhovich") for her contempt in violation of this Court's Opinion and Order Granting Plaintiff's Motion for Default Judgment and Permanent Injunction (Doc. 23, "Order").

### I. INTRODUCTION

Defendant Irina Peysakhovich is violating this Court's order by selling products bearing the trademarks of Plaintiff Standard Process through one of her many Amazon storefronts—namely the "V Doctor" storefront. This Court previously issued an order permanently enjoining Peysakhovich, and "any of her employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by" her, from advertising or selling products bearing the Standard Process Trademarks through any Amazon storefront. (Doc. 23, Order at 18.)

Peysakhovich has disregarded this Court's Order because she continues her unlawful sales. Thinking she could avoid detection, Peysakhovich ceased selling Standard Process products on the "Vitaminpro" storefront that was identified in the Complaint and created a new storefront—the "V Doctor" storefront—through which she is now selling Standard Process products in violation of the Order.

Peysakhovich's unlawful actions demonstrate that an injunction is insufficient. In order to stop Peysakhovich, she must be held in contempt and monetarily sanctioned. As discussed below, Peysakhovich is involved in the operation of several businesses and storefronts. If she is not found in contempt and powerfully sanctioned, she will continue to ignore this Court's orders and sell Standard Process through one of her other businesses or storefronts.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural Background

On October 16, 2019, Standard Process filed this action against Defendants AVC Infinite, LLC, A vitamin a day LLC, Andrew Chekayev, and Irina Peysakhovich (collectively, "Defendants"). The Complaint asserted claims for trademark infringement, unfair competition, deceptive trade practices, and tortious interference with contract and business relations. (Doc. 1.) The claims arose from Defendants' unlawful sales of Standard Process products through their "Vitaminpro" and " I & G Brothers" storefronts on www.amazon.com ("Amazon"). (*Id*. at ¶¶ 2-5.)

Defendants were properly served with the Summons and Complaint. Defendants did not appear in the action. Accordingly, on June 13, 2019, Standard Process filed a motion for default judgment and permanent injunction. (Doc. 12.)

On January 9, 2020, this Court issued an opinion and Order on Standard Process's motion for default judgment and permanent injunction. (Doc. 23, Order.) The Court entered a default judgment and held that Defendants were infringing on the Standard Process Trademarks and engaging in unfair competition and deceptive trade practices by selling products on Amazon that are not subject to, interfere with, and do not comply with Standard Process's legitimate and substantial quality controls. (*Id.* at 10-13.) The Court also held that Defendants were tortiously interfering with Standard Process's agreements with its Authorized Resellers by acquiring products from them for purposes of resale. (*Id*. at 13-14.)

The Court granted injunctive relief. (*Id*. at 18-21.) The injunction enjoins Peysakhovich and the other Defendants, as well as "any of their employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants (the "Enjoined Parties")" from, among other things:

> i. "advertising or selling all Standard Process Products or products bearing the Standard Process Trademarks through any Amazon storefront … ."

(*Id*. at 18.) While the Court enjoined Defendants, it declined Standard Process's request to award money damages. (*Id*. at 16-18.)

**B. Factual Background**

Peysakhovich is a known diverter of Standard Process products. She sells Standard Process products through multiple Amazon storefronts. (Doc. 23, Order, Findings of Fact ¶¶ 15-17.) In order to obfuscate her activities, she operates all of her Amazon storefronts anonymously. (Doc. 23, Order, Findings of Fact ¶ 5; *see also* Doc. 1, Complaint ¶ 140.)[1] She also recruits other individuals to assist her in operating these storefronts. (Doc. 1 ¶ 4, 6.)

---

[1] Because Peysakhovich has defaulted, this Court has already accepted Standard Process's well-pleaded facts of the Complaint as true as they relate to Peysakhovich's liability. *See* Doc. 23 at 9 (citing *VLM Food Trading Int'l, Inc. v.*

3

Standard Process has spent substantial amounts of time and money investigating Peysakhovich and trying to stop to her actions, including filing this lawsuit. (Doc. 1 ¶¶ 13, 140, 144, 158.) Peysakhovich has yet to answer for her actions. She did not respond to any of the cease and desist letters and other communications that Standard Process's counsel has sent her. (*See id*. ¶¶ 142-161.) She ignored this federal lawsuit. (*See* Doc. 23.) Now she has ignored an Order of this Court.

Peysakhovich's modus operandi is to sell products through an Amazon storefront for as long as she can. (*See* Doc. 1 ¶¶ 142-161; *See* Doc. 14, Pensyl Decl. dated 6/12/19 ¶¶ 3-7.) When caught, she simply stops selling product from that storefront and starts selling them from a different storefront. (*See* Doc. 14 ¶¶ 3-7; *see also* Pensyl Decl. filed herewith ("Pensyl Decl.") ¶¶ 2-10.)

### 1. Peysakhovich Operates Several Businesses and Amazon Storefronts.

Through its substantial investigation efforts, Standard Process discovered that Peysakhovich currently is operating several businesses and Amazon storefronts. (*See, e.g.*, Doc. 1 ¶¶ 142-161; Pensyl Decl. ¶¶ 2-10.) A summary of these businesses and storefronts and Peysakhovich's connections to them is discussed below.

#### a. The "Vitaminpro" Storefront.

Standard Process identified Peysakhovich as one of the operators of the "Vitaminpro" storefront. (Doc. 1 ¶ 5.) Standard Process connected Peysakhovich to that storefront, in part, through a subpoena it served on Amazon.com, Inc. On February 13, 2018, Amazon.com, Inc. produced information in response to the subpoena that identified the operators of the Amazon storefront as:

---

*Ill. Trading Co*., 811 F.3d 247, 255 (7th Cir. 2016)). A contempt proceeding "does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. *See United States v. Rylander*, 460 U.S. 752, 756 (1983).

> Irina (Peysakhovich)
> Andrew Chekayev
> AVC Infinite, LLC
> 1685 East 5th Street, Apt. 2G
> Brooklyn, NY 11230
> unitedspharmacy@gmail.com

(Pensyl Decl. at ¶¶ 2-3; *see also* Doc. 14 ¶¶ 3-4.)

Investigating the information further, Standard Process determined that the Irina identified in the subpoena was Irina Peysakhovich. (Pensyl Dec. at ¶ 3.) Standard Process also discovered that Irina and Alex Peysakhovich operate a business called A vitamin a day LLC from Peysakhovich's home. (Pensyl Decl. at ¶¶ 4-5.) This business was registered in New Jersey in April 2016, and Alex Peysakhovich is identified as the registered agent. (Pensyl Decl. ¶ 4, Ex. 1, Certificate of Formation for A vitamin a day LLC.) The registered business address is 67 Coventry Way, Ringwood, New Jersey 07456. (Pensyl Decl. ¶ 4, Ex. 11.) Peysakhovich owns the 67 Coventry Way property. (Pensyl Decl. ¶ 5, Ex. 2, Property Deed for 67 Coventry Way.) A vitamin a day LLC is one of the defendants in this lawsuit.[2]

### b. The "Got Vitamin?" Storefront.

Since filing the Complaint in this action, Standard Process also discovered other businesses and storefronts that Peysakhovich operates. On November 29, 2018, Amazon.com, Inc. produced information in response to another subpoena that identified Peysakhovich as the operator of the "Got Vitamin?" storefront. The information provided identified the operator of the storefront as:

---

[2] More recently, Standard Process did further investigation of the unitedspharmacy@gmail.com email address and discovered that this email is connected to another one of Peysakhovich's businesses—United Specialty Pharmacy Inc. This entity is another registered New Jersey business that was incorporated by Irina Peysakhovich in May 2015. (Pensyl Decl. at ¶ 6, Ex. 3.) At the time of filing the Complaint in this action, Standard Process had not made the connection between Peysakhovich and United Specialty Pharmacy Inc., so it was not identified as a Defendant in the lawsuit.

> Irina Peysakhovich
> Marquis Solution
> 271 Fillow Street
> Norwalk, CT 06850
> (718) 791-2357

(Pensyl Decl. ¶ 7.)

The information in response to the subpoena shows that Peysakhovich is connected with Marquis Solution, LLC, as she identified Marquis Solution, LLC and herself as the operators of the storefront. (*See id.*) Standard Process conducted a further investigation of Marquis Solution, LLC and discovered that an Irina Marquis registered this business in New Jersey. (Pensyl Decl. ¶ 8, Ex. 4.) Irina Marquis appears to live at the 271 Fillow Street address, but the filings with the State of New Jersey list the registered address and main business address for Marquis Solution, LLC as 67 Coventry Way, Ringwood, NJ 07456. (Pensyl Decl. ¶ 8, Ex. 4.) As noted above, Peysakhovich owns the 67 Coventry Way property. (Pensyl Decl. ¶ 5, Ex. 2.) Thus, it is apparent that Peysakhovich is affiliated with Marquis Solutions, LLC and Irina Marquis and they are working together and sharing addresses (including the 271 Fillow Street address and 67 Coventry Way address) to run their businesses and Amazon storefronts.[3]

### c. The "V Doctor" Storefront.

On March 19, 2019, Amazon.com, Inc. produced information in response to another subpoena regarding the "V Doctor" storefront f/k/a "Per Se." The information produced by Amazon.com, Inc. identified the operator of the storefront as:

> aliaksandr
> 271 Fillow Street
> Norwalk, CT 06850
> (718) 791-2357

---

[3] It is unclear from the public records whether Irina Marquis is simply an alias of Peysakhovich or whether Peysakhovich and Irina Marquis are working together. Either way, it is clear that Peysakhovich is affiliated with Marquis Solutions, LLC and is using the 271 Fillow Street address to register Amazon storefronts.

(Pensyl Decl. ¶ 9.)

It appears "aliaksandr" was used as a fictious name to register the storefront. Notably, however, the mailing address and phone number for the "V Doctor" storefront is the same mailing address and phone number as Peysakhovich's "Got Vitamin?" storefront. (Pensyl Decl. ¶¶ 7, 9.) As such, it is apparent that Peysakhovich is involved in the operation of the "V Doctor" storefront.

In sum, the evidence shows that Peysakhovich is involved in the operation of the "V Doctor" storefront. She registered the "Got Vitamin?" storefront in her name and identified her address as 271 Fillow Street, Norwalk, CT 06850 and her phone number as (718) 791-2357. The "V Doctor" storefront was registered in a fictitious name but with the same address and phone number as Peysakhovich's "Got Vitamin?" storefront. Thus, it is clear that Peysakhovich is operating, or assisting in the operation of, the "V Doctor" storefront.

### 2. Peysakhovich is Selling Standard Process Products Through the "V Doctor" Storefront.

On or about February 15, 2020, the "V Doctor" storefront listed dozens of products bearing the Standard Process Trademarks. (Pensyl Decl. ¶ 10.) The storefront has continued listing products bearing the Standard Process Trademarks since that time, at times listing over 30 products. (Pensyl Decl. ¶ 10.) The "V Doctor" storefront, Merchant ID A37GFH6EGJ6CC7, can be accessed at https://www.amazon.com/sp?seller=A37GFH6EGJ6CC7. Its listings of products bearing the Standard Process Trademarks are contained at https://www.amazon.com/s?me=A37GFH6EGJ6CC7&marketplaceID=ATVPDKIKX0DER. However, to preserve Defendants' contempt, Standard Process attaches screenshots of the "V Doctor" storefront's offensive listings. (*See* Pensyl Decl. ¶ 10, Ex. 5.)

According to online marketplace monitoring service TriGuardian, since February 8, 2020, the "V Doctor" storefront has sold $10,226 worth of Standard Process products. (Pensyl Decl. ¶ 11; *see also generally* Doc. 16, Wells Decl. (explaining TriGuardian's methodology).)

The evidence is clear. Peysakhovich is operating, or assisting in the operation of, the "V Doctor" storefront. Peysakhovich's sales of products bearing the Standard Process Trademarks through this storefront violate this Court's injunction.

### III. LAW AND ARGUMENT

#### A. Legal Standard

"[I]t is firmly established that the power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex Parte Robinson*, 86 U.S. 505, 510 (1873)). The "underlying concern that gave rise to the contempt power was . . . disobedience to the orders of the Judiciary…." *Chambers,* 501 U.S. at 44 (quoting *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)). The purpose of civil contempt proceedings are to coerce obedience of an order or to compensate a party for loss caused by one's disobedience of the order. *Int'l Star Registry of Illinois, LTD. v. SLJ Group, Inc.*, 325 F.Supp. 2d 879, 882, 885 (N.D.Ill. 2004); *see also Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442-444 (1911).

Federal statute specifically authorizes federal courts "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority and none other as…disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). The powers enumerated in this statute extend to civil contempt proceedings. *Int'l. Star Registry*, 325 F.Supp.2d at 882. Appropriate contempt sanctions for violating an injunction against infringement of intellectual property rights includes attorneys' fees, disbursements, and costs. *See Siebring v. Hansen*, 346 F.2d 474, 477 (8th Cir. 1965) (collecting cases). In fact, "a court's

discretion to determine the degree of punishment for contempt permits the court to impose as part of the fine attorney's fees representing the entire cost of the litigation." *Chambers,* 501 U.S. at 45 (citing *Toledo Scale Co.* v. *Computing Scale Co.*, 261 U.S. 399, 428, 43 S. Ct. 458 (1923)). Such monetary sanctions arise from the inherent powers of the court and are not construed as fines under 18 U.S.C. § 401. *See Gregory v. Mucho K, Inc*., 438 F. Supp. 1117, 1121 (S.D. Fla. 1977).

Violation of an injunction restraining a party from infringing trademarks rights of another clearly warrants sanctions to compensate a party for its costs in enforcing the injunction. *See Int'l Star Registry*, 325 F. Supp. 2d at 883-885 (awarding attorneys' fees and damages stemming from contempt); *Honor Plastic Indus. Co. v. Lollicup USA, Inc*., 466 F. Supp. 2d 1217, 1224-1225 (E.D. Calif. 2006) 466 F. Supp. 2d at 1224-1225 (awarding attorneys' fees for all motion practice related to seeking and enforcing the injunction).

Violation need not be found to be "willful" to find civil contempt. *See Commodity Futures Trading Comm'n v. Premex, Inc*., 655 F.2d 779, 784 n.9 (7th Cir. 1981). Contempt may lie if a party has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Am. Fletcher Mortgage Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981)).

**B. Peysakhovich Should Be Held in Contempt for Selling Standard Process Products in Violation of This Court's Prior Order.**

Here, Peysakhovich is intentionally and willfully violating this Court's Order, which specifically prohibits her (and other defendants) from selling Standard Process products or products bearing the Standard Process Trademarks, including through Amazon storefronts. These sales are not remote or accidental. Peysakhovich is selling dozens of Standard Process products through her Amazon storefront and has sold thousands of dollars of product since the

Court issued its January 9, 2020 Order. (Pensyl Decl. ¶ 11.)[4] Peysakhovich is a sophisticated business proprietor operating multiple companies and Internet businesses. To do so she flouts legal processes and this Court's authority through her demonstrated indifference to this lawsuit and, now, her intentional violation of this Court's Order.

Although this Court enjoined Peysakhovich's future sales, it declined to award damages. An order to stop sales unaccompanied by a monetary consequence, has not deterred Peysakhovich She continues to sell Standard Process products in violation of this Court's January 9 Order—and each sale damages Standard Process. As such, Standard Process respectfully requests that a significant monetary sanction be imposed on Peysakhovich to deter her from continued violation of the Order and to compensate Standard Process for the damage caused by these violations.

An effective sanction must include: (1) disgorgement of all profits made on the sale of Standard Process products since the Court's January 9 Order in the amount of $2,309; (2) an award of the attorneys' fees Standard Process incurred in litigating this action, including, but not limited to, bringing its motion for default judgment and permanent injunction and the present motion; (3) a disbursement of $1,000 per day for every day products bearing the Standard Process Trademarks remain listed on the "V Doctor" storefront or any other online storefront controlled by Peysakhovich or the Enjoined Parties; (4) an order requiring Peysakhovich and the Enjoined Parties to return all Standard Process products and products bearing the Standard

---

[4] Although this Court previously declined to grant Standard Process its requested damages on its motion for default judgment (*see* Doc. 23, Order at 17-18), the Court's acceptance of the reasonable accuracy of TriGuardian's calculations of Defendants' sales is sufficient to grant the portion of the monetary relief requested herein that is based on these calculations. This Court has held that TriGuardian calculations of Defendants' sales is reliable and that Standard Process need only meet its burden to prove Defendants' profits by offering evidence of Defendants' sales. (*See* Doc. 23, Order at 16-17.) Furthermore, whereas Standard Process's request for money judgment sought damages only for infringing sales, here, *all* sales of Standard Process products through any Amazon storefront are enjoined for five years. (*See* Doc. 23, Order at 18.) Thus, all amounts reflected in TriGuardian's calculations reflect sales that unequivocally violate this Court's injunction.

Process Trademarks to Plaintiff within 30 days; and (5) an order requiring that, if Peysakhovich fails to comply with her requirement to return infringing products, she shall disburse to Standard Process an amount of $1,000 per day for every day that she is not in compliance with that order. Given Defendants' indifference to these legal proceedings, a less severe sanction—including any sanction not tethered to financial consequence—is hopelessly unlikely to curb future violations.

## IV. CONCLUSION

Peysakhovich continues to violate this Court's January 9, 2020 Order Granting Plaintiff's Motion for Default Judgment and Permanent Injunction. She does so willfully. Standard Process respectfully requests an order: (1) holding Peysakhovich in contempt; (2) requiring Peysakhovich disgorge all profits made on the sale of Standard Process goods since January 9, 2020 in the amount of $2,309; (3) requiring Peysakhovich to compensate Standard Process for the legal fees incurred in litigating this action, including, but not limited to, bringing its motion for default judgment and permanent injunction and the present motion; (4) requiring Peysakhovich to disburse to Standard Process an amount of $1,000 per day for every day products bearing the Standard Process Trademarks remain listed on the "V Doctor" storefront or any other online storefront controlled by Peysakhovich or the Enjoined Parties; (5) requiring Peysakhovich and the Enjoined Parties to return all Standard Process products and products bearing the Standard Process Trademarks to Plaintiff; and (6) requiring that, if Peysakhovich fails to comply with her requirement to return infringing products, she shall disburse to Standard Process an amount of $1,000 per day for every day that she is not in compliance with that order; and (7) granting such other and further relief as this Court deems just an proper.

Dated this 9th day of March, 2020.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Tyler B. Pensyl*
　　　　　　　　　　　　　　　　　　　　　　　Tyler B. Pensyl (Ohio Bar No. (0080649)
　　　　　　　　　　　　　　　　　　　　　　　Vorys, Sater, Seymour and Pease LLP
　　　　　　　　　　　　　　　　　　　　　　　52 East Gay Street
　　　　　　　　　　　　　　　　　　　　　　　Columbus, Ohio 43216
　　　　　　　　　　　　　　　　　　　　　　　Phone: (614) 4646-6334
　　　　　　　　　　　　　　　　　　　　　　　Email: tbpensyl@vorys.com

　　　　　　　　　　　　　　　　　　　　　　　Ann M. Maher
　　　　　　　　　　　　　　　　　　　　　　　Husch Blackwell LLP
　　　　　　　　　　　　　　　　　　　　　　　555 East Wells Street, Suite 1900
　　　　　　　　　　　　　　　　　　　　　　　Milwaukee, WI 53202-3819
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 414-978-5410
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: 414-223-5000
　　　　　　　　　　　　　　　　　　　　　　　Email: ann.maher@huschblackwell.com

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Standard Process, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and will be served via U.S. first class mail and email on:

Irina Peysakhovich
67 Coventry Way
Ringwood, NJ 07456
unitedspharmacy@gmail.com
gotvitaminstoday@gmail.com
perselabs@gmail.com

and
271 Fillow Street
Norwalk, CT 06850

*s/ Tyler B. Pensyl*
Tyler B. Pensyl