IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STANDARD PROCESS INC.,

                Plaintiff,

v.

AVC INFINITE, LLC, A VITAMIN A DAY LLC,
ANDREW CHEKAYEV, IRINA PEYSAKHOVICH
and JOHN DOES I-100, individually or as
corporate/business entities,

                Defendants.

OPINION AND ORDER

18-cv-849-wmc

---

In an earlier opinion and order, this court granted default judgment in favor of plaintiff Standard Process, Inc., and entered an injunction against various defendants, including Irina Peysakhovich. (Dkt. #23.) Standard Process has now filed a contempt motion against Peysakhovich, representing that she has violated the court's injunction against her. (Dkts. #25, 29.) In addition to requesting a formal finding of contempt, Standard Process asks the court to impose various fines, damages, and fees against Peysakhovich. For the reasons discussed below, the court will grant in part and deny in part this motion.

FACTS[1]

**A. Background**

Peysakhovich has operated various storefronts on Amazon through which she has

---

[1] The following background is drawn from the court's previous findings of fact in its default judgment opinion and order (dkt. #23), as well as the evidence submitted by Standard Process in support of its contempt motion (see dkts. #26, 27, 31). Peysakhovich produced no counter-evidence; indeed, she failed entirely to respond to Standard Process's motion.

advertised and sold products bearing the Standard Process Trademarks. On January 9, 2020, this court granted default judgment in favor of Standard Process, finding that it had pleaded sufficient, unchallenged facts to state a legitimate cause of action as to each of its claims of trademark infringement, unfair competition, deceptive trade practices, and tortious interference with contract and business relations. (Order (dkt. #23) 10.) The court further entered an injunction that, among other things, barred Peysakhovich and her "employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by" her from "advertising or selling all Standard Process Products or products bearing the Standard Process Trademarks through any Amazon storefront" for a period of five years. (*Id.* at 18.)

Although Standard Process also requested monetary damages, the court declined to order such an award, finding that while Standard Process produced evidence that defendants had sold over $35,000 of Standard Process's products between October 2017 and May 2019, it had "provided no proof as to how many of Standard Process's products were purchased from Authorized Resellers (rather than from an entity outside Standard Process's approved distribution chain), nor how many of its products sold did not meet its quality control standards, making any entry of monetary damages speculative." (*Id.* at 17-18.) This court reasoned that "[a]bsent such proof, or some other evidence that *all*, or at least a large percent, of defendants' resold products were purchased directly from one of plaintiff's Authorized Resellers or inconsistent with its controls, plaintiff has failed to produce sufficient evidence to support an award of monetary damages." (*Id.* at 18.)

B.  **Current Alleged Violations**

Now, Standard Process represents that Peysakhovich is continuing to operate, or assist in the operation of, at least one Amazon storefront through which she is selling Standard Process products and products bearing the Standard Process trademarks in violation of this court's order.  Although Peysakhovich has ceased selling Standard Process products on the "VitaminPro" storefront, she has now apparently opened a new storefront named "V Doctor," through which she is again selling Standard Process products.

Specifically, on March 19, 2019, Amazon.com, Inc., produced information in response to a subpoena from Standard Process regarding the "V Doctor" storefront identifying the operator of the storefront as:

> aliaksandr
> 271 Fillow Street
> Norwalk, CT 06850
> (718) 791-2357

(Pensyl Decl. (dkt. #27) ¶ 9.)  The mailing address and phone number for the "V Doctor" storefront is the same mailing address and phone number as a storefront previously connected to Peysakhovich.  (*See id.* ¶¶ 7, 9.)

On or about February 15, 2020, the "V Doctor" storefront listed dozens of products bearing the Standard Process Trademarks.  (*Id.* ¶ 10.)  The storefront has continued listing products bearing the Standard Process Trademarks since that time, occasionally listing over 30 products for sale.  Standard Process attached various screenshots of these listings.  (*Id.*)  According to online marketplace monitoring service TriGuardian, the "V Doctor" storefront has also sold $10,226 worth of Standard Process products since February 8, 2020.  (*Id.* ¶ 11.)

3

In a supplemental filing, plaintiff contends that Peysakhovich has been operating yet another storefront, named "USA Suppliments [sic]." In a declaration, attorney Tyler Pensyl represents that, through the firm's investigation, "multiple" connections between the addresses listed for the "USA Suppliments" storefront and associates of Peysakhovich have been revealed. Moreover, Pensyl declares that, in February 2020, the "USA Suppliments" storefront listed dozens of products bearing the Standard Process Trademarks, and according to TriGuardian the "USA Suppliments" storefront has sold $42,754.13 worth of Standard Process products since February 2020.

OPINION

Under 18 U.S.C. § 401(3), "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." However, "to hold a party in contempt, the court must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated." *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986) (quoting *H.K. Porter Co. v. National Friction Products*, 568 F.2d 24, 27 (7th Cir. 1977)). A party may be held in contempt if the court finds that it was not "reasonably diligent and energetic in attempting to accomplish what was ordered" -- i.e., the violation need not have been willful. *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (quoting *Am. Fletcher Mortgage Co. v. Bass*, 688 F.2d 513, 517 (7th Cir.1982)). Instead, the party moving for contempt need only prove by "clear and convincing evidence" that the court's order was violated. *See Ferrell*, 785 F.2d at 1382.

Here, the court's January 9, 2020, order expressly and unequivocally prohibited Peysakhovich or her agents from "advertising or selling all Standard Process Products or products bearing the Standard Process Trademarks through any Amazon storefront" for a period of five years.  (Order (dkt. #23) 18.)  Moreover, Standard Process has produced substantial, unrefuted evidence that:  (1) Peysakhovich is involved in the operation of the "V Doctor" storefront; (2) since this court's injunction, Peysakhovich has through this storefront continued to list and sell Standard Process products online; and (3) the storefront has sold approximately $10,226 worth of Standard Process products.[2]  It has not, however, adequately substantiated its allegations that Peysakhovich is through "USA Suppliments" violating this court's order.  The only evidence produced connecting Peysakhovich to that storefront is a declaration from an attorney stating that Peysakhovich's associates are affiliated with the addresses listed for "USA Suppliments." This is not enough for this court to enter a finding of contempt against Peysakhovich at this time, although plaintiff is not precluded from seeking further relief based on more substantial evidence.

As relief for the violation, Standard Process requests that the court order: (1) disgorgement of all profits made on the sale of Standard Process products since the Court's January 9 Order in the amount of $2,309; (2) an award of the attorneys' fees Standard Process incurred in litigating this action, including, but not limited to, bringing its motion for default judgment and permanent injunction and the present motion; (3) a disbursement

---

[2] *See* Order (dkt. #23) 17 (concluding that data from TriGuardian established a sales amount with reasonable certainty); *see also Otter Prods., LLC*, 2019 U.S. Dist. LEXIS 52916, at *20-21 (same); *ADG Concerns, Inc.*, 2018 U.S. Dist. LEXIS 155542, at *32-34 (same).

of $1,000 per day for every day products bearing the Standard Process Trademarks remain listed on the "V Doctor" storefront or any other online storefront controlled by Peysakhovich or the Enjoined Parties; (4) an order requiring Peysakhovich and the Enjoined Parties to return all Standard Process products and products bearing the Standard Process Trademarks to Plaintiff within 30 days; and (5) an order requiring that, if Peysakhovich fails to comply with her requirement to return infringing products, she shall disburse to Standard Process an amount of $1,000 per day for every day that she is not in compliance with that order.  (Pl.'s Br. (dkt. #26) 10-11.)

At the outset, the court will not as plaintiff requests enter a judgment against all of the "Enjoined Parties" as plaintiff has only produced evidence that Peysakhovich, and not any of the other original defendants, violated this court's order.  As to other relief requested, Standard Process contends that its request is appropriate because the court's earlier order, which did not impose monetary sanctions, was insufficient to deter Peysakhovich.  (*Id.* at 10.)  According to Standard Process, significant monetary sanctions are required both to "deter [Peysakhovich] from continued violation of the Order and to compensate Standard Process for the damage caused by these violations." (*Id.*)

As a general matter "[c]ivil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions." *Tranzact Techs., Inc. v. 1Source Worldsite,* 406 F.3d 851, 855 (7th Cir. 2005) (citing *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001)).  Further, "[u]pon a finding of civil contempt, a court may, at its discretion, order reimbursement of the complainant, as part of the civil relief, of the party's fees and expenses

6

incurred in bringing the violation to the court's attention." *Commodity Futures Trading Comm'n v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981).

Given these principles, the court generally agrees that monetary sanctions are appropriate on Peysakhovich, and so the court will impose the proposed $2,309 penalty. Such an order furthers the twin goals of compelling compliance with the court's original order and compensating plaintiff for losses resulting from Peysakhovich's violation. Standard Process requests that the court issue a further order requiring Peysakhovich to return all Standard Process products and products bearing the Standard Process trademarks to Standard Process within 30 days. Again, the court finds this to be appropriate.

Standard Process also requests an award of attorneys' fees, not just for litigating the present contempt motion against Peysakhovich, but for fees incurred in litigation for the *entire* action, including the motion for default judgment. Certainly, the court did explain in its opinion and order that Standard Process could seek attorneys' fees pursuant to the fee shifting provisions under the Lanham Act and Wis. Stat. § 100.18 in proper post-judgment motion. Instead of filing a motion for post-judgment attorneys' fees against all defendants, however, plaintiff has apparently incorporated its fee-shifting request into the present contempt motion. Additionally, plaintiff has failed to request a specific dollar amount or otherwise factually support its claim for attorneys' fees, despite the fact that the court explicitly instructed plaintiff's counsel to "include their time records and proof of payment of invoices" in any requests for attorneys' fees or costs. (Order (dkt. #23) 21.) Given these deficiencies, the court will decline to enter an award of attorneys' fees in favor

of plaintiff.

Finally, Standard Process requests a $1,000 per day fine for every day a product bearing the Standard Process trademark remains listed on the "V Doctor" storefront or any other storefront controlled by Peysakhovich and for every day she is not in compliance with the court's order to return Standard Process products. However, plaintiff provides no legal support for such a request, and the court is hesitant to enter an order that would appear to require ongoing monitoring and compliance. Thus, this request will also be denied.

## ORDER

IT IS ORDERED THAT:

1) Plaintiff's motion for finding of contempt (dkt. #25) is GRANTED IN PART and DENIED IN PART. Irina Peysakhovich is ordered to:

   a. disgorge of all profits made on the sale of Standard Process products since the Court's January 9 Order in the amount of $2,309; and

   b. return all Standard Process products and products bearing the Standard Process Trademarks to Plaintiff within 30 days.

Entered this 13th day of August, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge